UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| BRYAN P. LYNCH, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | CAUSE NO. 1:14-CV-153 |
| BOBCAT OF FORT WAYNE, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Before the Court is a Motion for Leave to File First Amended Complaint filed by Plaintiff Bryan Lynch on November 24, 2014, seeking to amend his complaint to: (1) name "Buddycat, LLC, d/b/a Bobcat of Fort Wayne" ("Buddycat") as an additional defendant; and (2) add a claim of unpaid wages under Indiana Code § 22-2-5-1 *et seq*. (Docket # 22.) Defendant Bobcat of Fort Wayne, Inc. ("Bobcat"), opposes the motion, contending that Lynch's amendments are futile. (Docket # 23.) Lynch has not filed a reply to his motion to amend, and the time to do so has now passed.

For the following reasons, the motion to amend will be GRANTED in part and DENIED without prejudice in part.

**A. Factual and Procedural Background**

On May 20, 2014, Lynch filed this action against Bobcat, his former employer, contending that it discriminated against him on the basis of a disability or perceived disability and retaliated against him when it terminated his employment, all in violation of the Americans with Disability Act (ADA) and the Indiana Workers Compensation Act. (Docket # 1.) Lynch also asserts that Bobcat failed to pay him for hours of training in violation of the Fair Labor

Standards Act (FLSA). (Compl. ¶¶ 8, 11.)

Bobcat filed an answer on August 1, 2014, and the Court conducted a preliminary pretrial conference on August 29, 2014. (Docket # 14, 18.) At the conference, the Court set November 24, 2014, as the last day for Lynch to amend his pleadings; and March 31, 2015, as the last day for the completion of all discovery. (Docket # 16, 18.)

Lynch filed the instant motion to amend on November 24, 2014. (Docket # 22.)

### B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743 (citation omitted); *see Foman*, 371 U.S. at 182.

### C. Discussion

As explained earlier, Lynch seeks to amend his complaint to name Buddycat as an additional defendant and add a claim of unpaid wages under state law. Bobcat opposes the motion on the basis of futility. Bobcat's arguments are persuasive only in part.

"[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Vill. Apartments v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry*

2

*Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "That means a proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Duthie*, 254 F.R.D. at 94 (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

    1. <u>Title VII Claims Against Buddycat</u>

Lynch alleges in his proposed amended complaint that at all material times both Bobcat and Buddycat were his "employer" under the relevant statutes, and thus, "are jointly liable under predecessor/successor liability and/or joint/multiple employer liability doctrines."[1] (Proposed First Am. Compl. ¶ 2.) Lynch, however, named only Bobcat as a respondent in the charge of discrimination that he filed with the Equal Employment Opportunity Commission (EEOC) in September 2013. (Proposed First Am. Compl. ¶ 3, Exs. A, B.) Bobcat asserts that this is fatal to Lynch's Title VII claims against Buddycat.

Indeed, "[p]rior to filing suit under Title VII, a party must first file a charge of discrimination with the EEOC, and a party not named as the respondent in the charge may not ordinarily be sued in a private civil action under Title VII." *Alam v. Miller Brewing Co.*, 709 F.3d 662, 666 (7th Cir. 2013) (citations omitted). "This requirement gives the employer some warning of the conduct about which the employee is aggrieved and affords the EEOC and the employer an opportunity to attempt conciliation without resort to the courts." *Id.* (citation and internal quotation marks omitted).

"With this two-fold purpose in mind, [the Seventh Circuit Court of Appeals] ha[s]

---

[1] Although Lynch makes no effort to explain the relationship between these two entities, Bobcat asserts in its opposition brief that it and Buddycat are "separate and distinct entities" and that Bobcat was Lynch's only employer until his termination in June 2013 when Bobcat sold its assets to Buddycat. (Def.'s Opp'n ¶ 3.)

3

recognized an exception to the rule that a party not named in the EEOC charge is not subject to suit under Title VII where the 'unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in the conciliation proceedings aimed at voluntary compliance.'" *Id*. (quoting *Eggleston v. Chicago Journeymen Plumbers' Local Union No.*, 657 F.2d 890, 905 (7th Cir. 1981)).

Lynch did not file a reply brief to his motion to amend, and thus, does not dispute the fact that he named only Bobcat as a respondent in his two EEOC charges (attached as exhibits to his proposed amended complaint). And he cannot rest on the allegation that "[a]ll administrative remedies have been exhausted [and] all jurisdictional prerequisites have been met for the filing of this lawsuit" (Proposed Am. Compl. ¶ 3), where he specifically alleged the two dates that he filed the EEOC charges and then attached the two charges naming only Bobcat as a respondent. *See Alam*, 709 F.3d at 667 (stating that plaintiff could not rest on his allegation that he had exhausted all administrative remedies where he specifically alleged that he submitted an EEOC charge naming only one of the two defendants).

Nor does Lynch plead any facts about Bobcat's relationship to Buddycat sufficient to plausibly suggest that his claims against Buddycat should be allowed to proceed under the exception recognized in *Eggleston,* 657 F.2d at 905. For his claims to survive a motion to dismiss, Lynch must allege that Buddycat "had notice of the EEOC charge against it and an opportunity to participate in conciliation proceedings." *Alam*, 709 F.3d at 666 (collecting cases).

As the Seventh Circuit has emphasized, "the fact that one entity had notice of the charges against it is insufficient to satisfy the *Eggleston* exception as to a related entity that did not have notice of a charge against it or an opportunity to conciliate that charge." *Alam*, 709 F.3d at 667;

4

*see also Joiner v. Ill. Dep't of Human Servs.*, No. 13 cv 8450, 2014 WL 5032564, at *3 n.3 (N.D. Ill. Oct. 8, 2014) (finding that plaintiff's failure to allege that a defendant had notice of the EEOC charge or an opportunity to conciliate that charge warranted dismissal of the Title VII claims); *Naser v. Creative Designs Mgmt. Co.*, No. 12 C 1997, 2012 WL 3779067, at *3-5 (N.D. Ill. Aug. 30, 2012) (same); *Wilson v. Kautex, Inc.*, No. 1:07-cv-60, 2008 WL 474230, at *2-7 (N.D. Ind. Feb. 15, 2008) (same).

On this record, Lynch's motion to amend to assert Title VII claims against Buddycat is futile, and thus, will be denied. Lynch will, however, be afforded leave to file another motion to amend and a revised proposed amended complaint, together with a brief in support.

2. <u>FLSA Claim Against Buddycat</u>

Bobcat also argues that Lynch's FLSA claim against Buddycat for unpaid wages is futile. In doing so, Bobcat cites to its answer, which reflects that Lynch was employed solely by Bobcat through his termination date, June 28, 2013. (Docket # 14.)

But the Court does not adopt a defendant's version of events when considering a motion to dismiss. Rather, "[t]he court presumes all well-pleaded allegations [in the plaintiff's complaint] to be true, views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations." *Hobson v. Dominguez*, No. 2:10-cv-429, 2012 WL 4361537, at *3 (N.D. Ind. Sept. 24, 2012) (citing *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995)).

In that vein, Lynch alleges in his proposed amended complaint that both Bobcat and Buddycat were "[a]t all material times" his employer for purposes of the FLSA. (Proposed First Am. Compl. ¶ 1.) He further alleges that the "Defendants" failed to pay him for certain wages he

had earned while undergoing training in June 2013. (Proposed First Am. Compl. ¶¶ 8, 11.) These allegations are sufficient to state a claim for unpaid wages against Buddycat under the FLSA.

    3.  <u>State Law Claims Against Buddycat</u>

Next, Bobcat argues that because Lynch's federal claims against Buddycat fail, there is no basis for the Court to exercise jurisdiction over any related state law claims against Buddycat. (Def.'s Opp'n ¶ 8.) But the Court concluded above that it will grant Lynch's motion to amend with respect to the FLSA claim against Buddycat. Therefore, Bobcat's sole argument in opposition to Lynch's state law claims against Buddycat collapses.

Because Bobcat asserts no other arguments in opposition to the state law claims against Buddycat (which appear to be a *Frampton* claim for retaliatory discharge and a claim for unpaid wages under Indiana Code § 22-2-5-1 *et seq.*), the motion to amend will be granted with respect to the state law claims.

    4.  <u>State Law Wage Claim Against Bobcat</u>

Finally, Lynch alleges in the proposed amended complaint a new state law wage claim against Bobcat, seeking payment for unpaid commissions under Indiana Code § 22-2-5-1 *et seq*. Bobcat asserts that this claim too is futile because under Indiana Code § 22-2-9-4, an attorney can pursue a claim for unpaid wages under § 22-2-5-1 only if the claim is referred to him through the Indiana Department of Labor.

Bobcat acknowledges that in August 2014 Lynch's attorney sought, and one month later received, permission from the Indiana Department of Labor to pursue Lynch's claim for unpaid commissions against "Buddycat, LLC, d/b/a Bobcat of Fort Wayne." (Proposed First Am.

6

Compl. Exs. D-F.)  Bobcat emphasizes, however, that Lynch's attorney has never received permission to pursue the claim for unpaid commissions against "Bobcat of Fort Wayne, Inc.," a separate entity.

Bobcat's claim of futility on this basis is unpersuasive.  The Court finds that Lynch has sufficiently complied with the statutory prerequisites of § 22-2-9-4 to pursue his claim for unpaid commissions against Bobcat or Buddycat.

### D.  Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Docket # 22) will be DENIED WITHOUT PREJUDICE as to the Title VII claims against Buddycat, LLC, but is otherwise GRANTED.  Plaintiff is afforded up to and including December 23, 2014, to file another motion to amend and a revised proposed amended complaint.  If the proposed complaint alleges Title VII claims against Buddycat, Plaintiff must file a brief in support citing relevant law and arguing why these claims are plausible.

SO ORDERED.

Enter for this 11th day of December 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge